IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ERNEST GAINES,

                        Petitioner,

          v.                              CASE NO. 22-3134-SAC

JEFF ZMUDA,

                        Respondent.


MEMORANDUM AND ORDER


     This matter comes before the Court on Petitioner Ernest Gaines' pro se petition for writ of habeas corpus filed June 30, 2022. (Docs. 1 and 2.) Petitioner has also filed a motion for leave to proceed in forma pauperis (Doc. 3), which is granted. For the reasons explained below, the Court concludes that this matter might be more properly filed as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and will direct Petitioner to file, on or before August 8, 2022, a complete and proper § 2241 petition on court-approved forms or a notice to the Court that he does not intend to do so. Moreover, as explained below, Petitioner's motion for appointment of counsel (Doc. 5) will be denied without prejudice.

**Background**

     In 2014, Petitioner was charged in Sedgwick County District Court in four criminal cases, hereinafter referred to as the 2014 cases. At the time of the events underlying, he was "in the midst

of serving postrelease supervision for two felony convictions also from Sedgwick County." *Gaines v. Norwood*, 2022 WL 655912, *1 (Kan. Ct. App. 2022), *pet. for review filed* April 5, 2022. Ultimately, Petitioner pled guilty in the 2014 cases and was sentenced in 2015. *Gaines*, 2022 WL 655912, at *1. The district court ordered that Petitioner receive credit for the 228 days he was in jail while the 2014 cases were pending. *Id.*

The Kansas Department of Corrections (KDOC) allocated 173[1] days of the jail-time credit toward Petitioner's remining period of post-release supervision. The allocation satisfied the pre-2014 sentence, so on March 26, 2015, the Kansas Prisoner Review Board (KPRB) issued Petitioner a certificate of discharge for the pre-2014 sentence. (See Doc. 2-1, p. 4.) The KDOC allocated the remaining 55 days of jail-time credit toward the sentences imposed in the 2014 cases.

In 2018, Petitioner filed a habeas corpus petition in the state courts pursuant to K.S.A. 60-1501, arguing that the KDOC should have applied all of the jail-time credit to the sentences from the 2014 cases. *Gaines*, 2022 WL 655912, at *1. The district court agreed and on May 24, 2019, it ordered the KDOC to rescind the credit applied to the post-release supervision in the pre-2014 case and instead apply the entire 228 days to the sentences imposed in the 2014 cases. (Doc. 2-1, p. 2-3.) Because the order to rescind left the pre-2014 sentences unsatisfied, the state court further ordered

---

[1] The Court notes that the precise number of days of jail-time credit awarded and allocated are unclear from the documents now before the Court. However, for purposes of the present Memorandum and Order, resolution of the precise number of days is unnecessary.

"that the discharge from post release supervision was in error and the discharge is set aside." *Id.* at 3. Finally, the state court explicitly declined to "enter any other order or express an opinion regarding what actions the [KDOC] may choose to take regarding this unrevoked remaining 173 day period of post release supervision." *Id.* at 3.

After a special hearing in July 2019, the KPRB rescinded the 2015 discharge certificate and revoked the postrelease supervision in the pre-2014 cases. (Doc. 2-1, p. 4-6.) Thus, Petitioner was ordered to serve the time remaining on the pre-2014 sentences. Petitioner's request for reconsideration was denied in September 2019. *Id.* at 9.

Believing that his sentence was illegal, Petitioner then filed under the case number for his K.S.A. 60-1501 case a motion to correct illegal sentence. *Id.* at 12. *See also Gaines*, 2022 WL 655912, at *1. Therein, he argued that the 2019 ruling set aside the previous sentences and that the KPRB acted illegally when it revoked postrelease supervision over four years after discharging that sentence. (Doc. 2-1, p. 12.) Petitioner also asserted that the reallocation of the jail-time credit cause his 2014 sentence to be recalculated and improperly extended. *Id.* The state district court dismissed the motion for lack of jurisdiction, and the Kansas Court of Appeals (KCOA) affirmed the dismissal on March 2, 2022. Petitioner's petition for review by the Kansas Supreme Court is currently pending.[2]

---

[2] The Court notes that Petitioner also identifies additional litigation in the state courts related to the current federal habeas matter such as a petition for mandamus Petitioner filed with the Kansas Supreme Court seeking to have the 2019

On June 7, 2022, Petitioner deposited into the prison mail system his current pro se petition for writ of habeas corpus. (Doc. 1, p. 3.) It was received by this Court on June 30, 2022. (Doc. 2.) Petitioner utilized the court-approved form for a "Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody." *Id.* at 1. As his sole ground for relief, Petitioner asserts a "[v]iolation of the 5th Amendment to the United States Constitution; Double Jeopardy provision [and] KS Constitution Bill of Rights Section 10." *Id.* at 5.

In the portion of the form to identify the judgment of conviction being challenged, Petitioner identifies the 2014 cases. *Id.* at 1. Yet when explaining the asserted ground for relief, Petitioner directs the Court's attention to the April 2019 state-court order that rescinded the jail-time credit allocated to the postrelease supervision period. (Doc. 1, p. 1.) Petitioner argues that the state court "lacked jurisdiction to alter previously imposed valid sentence once petitioner completed serving sentence and for trial court to subsequently alter sentence places petitioner in double jeopardy." *Id.* He also contends that the reinstatement of his pre-2014 sentence after he "had a legitimate expectation that his sentence was final" due to its discharge "constitutes the imposition of multiple punishments for the same offense, in violation of double jeopardy." *Id.* at 2.

**Standard of Review**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it

_____

state-court order regarding jail-time credit allocation vacated. (Doc. 2, p. 3.)

plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Because Petitioner is proceeding pro se, the Court liberally construes the response, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Analysis**

As noted above, Petitioner utilized the court-approved form for petitions filed pursuant to § 2254. To obtain habeas corpus relief under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Thus, when a state prisoner seeks habeas relief in federal court, "a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (citations omitted). But even liberally construing the petition, Petitioner does not appear to be challenging his 2014 convictions. Rather, he appears to wish to challenge the district court's 2019 order rescinding the discharge of his pre-2014 sentence or the effect that order had on the execution of the sentences imposed in his 2014 cases.

If the Court is properly construing the current petition and

Petitioner's core complaint relates to the execution of his sentence or sentences, Petitioner may wish to seek relief under 28 U.S.C. § 2241, which "'[is] used to attack the execution of a sentence . . . ." *Sandusky v. Goetz*, 944 F.3d 1240, 1246 (10th Cir. 2019); *see also Mayes v. Dowling*, 780 Fed. Appx. 599, 601 (10th Cir. 2019) (unpublished) ("In this circuit, a state prisoner may challenge the *execution* of his state sentence via a § 2241 petition."). Under Local Rule 9.1(a), however, a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 must be filed on an official form. See D. Kan. Rule 9.1(a). The Court will direct the clerk to send Petition the appropriate form for filing a petition under § 2241 and, if Petitioner wishes to do so, he may submit a complete and proper amended petition containing the claims for which relief may be sought under 28 U.S.C. § 2241.

If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference any other filings with this Court. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (21-3134) on the first page of the amended petition. If Petitioner submits an amended petition on the appropriate form, the Court will proceed with an initial review of the amended petition. If Petitioner does not wish to pursue a § 2241 petition at his time or if the Court has misunderstood Petitioner's current arguments or challenges, Petitioner shall file a written response to this order so informing the Court. If Petitioner fails to submit

an amended petition or a response consistent with these directions on or before August 8, 2022, this action may be dismissed without further notice.

**Motion for Appointment of Counsel (Doc. 5)**

Petitioner has no constitutional right to counsel in a federal habeas corpus action. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Rather, the decision whether to appoint counsel rests in the Court's discretion. *Swazo v. Wy. Dept. of Corr. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir 1994). The Court may appoint counsel if it "determines that the interest of justice so require." 18 U.S.C. § 3006A(a)(2)(B). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 451 F.3d 1218, 1223 (10th Cir. 2006)(quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough to assert that appointing counsel will help present the "strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)). When deciding whether to appoint counsel, the Court must consider "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979).

At this initial stage of the proceedings, as explained above, the precise nature of Petitioner's claim or claims is not yet clear. If this action develops in a way that requires counsel, such as if it requires discovery or proceeds to an evidentiary hearing, the

7

Court may appoint counsel at a later date. *See* Rules Governing §
2254 Cases, Rules 6 and 8. At this point, however, the Court
concludes that the interest of justice does not require the
appointment of counsel. Accordingly, the Court will deny the motion
for appointment of counsel (Doc. 5) without prejudice to refiling
at a later date.

**Conclusion**

For the reasons stated above, the Court will grant Petitioner's
motion for leave to proceed in forma pauperis (Doc. 3), deny without
prejudice Petitioner's motion for appointment of counsel (Doc. 5),
and direct Petitioner to file, on the appropriate court-approved
forms, a petition for writ of habeas corpus under 28 U.S.C. § 2241
or to inform the Court, in writing, if he does not wish to do so or
if he believes the Court has misunderstood his position. A failure
to timely comply with the Court's order may result in this action
being dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that the motion for leave to proceed
in forma pauperis (Doc. 3) is **granted.**

**IT IS FURTHER ORDERED** that the motion for appointment of
counsel (Doc. 5) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that Petitioner is granted until and
including August 8, 2022, in which to file a complete and proper
petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 in
compliance with the directions in this order or to file a written
response to this order informing the Court that he does not intend
to do so. The failure to file at least one of these documents will

result in this action being dismissed without further notice. The clerk of court shall transmit a form § 2241 petition to Petitioner.

**IT IS SO ORDERED.**

DATED:  This 6th day of July, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge