**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**ERNEST GAINES,**

                **Petitioner,**

      **v.**                                            **CASE NO. 22-3134-SAC**

**JEFF ZMUDA,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241.[1] The Court has conducted an initial review of the petition and will direct Respondent to file a limited Pre-Answer Response addressing the timeliness of this matter.

**Background**

In 2014, Petitioner was charged in Sedgwick County District Court in four criminal cases, hereinafter referred to as the 2014 cases. At the time of the events underlying, he was "in the midst of serving postrelease supervision for two felony convictions also from Sedgwick County." *Gaines v. Norwood*, 2022 WL 655912, *1 (Kan. Ct. App. 2022), *pet. for review filed* April 5, 2022. Ultimately, Petitioner pled guilty in the 2014 cases and was sentenced in 2015. *Gaines*, 2022 WL 655912, at *1. The district court ordered that Petitioner receive credit for the 228 days he was in jail while the

---

[1] The petition was initially submitted as one seeking habeas relief pursuant to 28 U.S.C. § 2254. (Docs. 1 and 2.) After the Court issued a Memorandum and Order (Doc. 6), however, Petitioner refiled his petition on the court-approved form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 7.)

1

2014 cases were pending. *Id.*

According to the assertions in the operative petition, the Kansas Department of Corrections (KDOC) first allocated all of the jail-time credit toward the 2014 cases, perhaps because on March 26, 2015, the Kansas Prisoner Review Board (KPRB) had issued Petitioner a certificate of discharge for the pre-2014 sentences. (See Doc. 7-3, p. 5.) However, the KDOC later recalculated the allocation to credit 173[2] days of the jail-time credit toward the pre-2014 cases to satisfy a remaining period of post-release supervision. *Id.* The KDOC allocated the remaining 55 days of jail-time credit toward the sentences imposed in the 2014 cases.

In 2018, Petitioner filed a habeas corpus petition in the state courts pursuant to K.S.A. 60-1501, arguing that the KDOC should have applied all of the jail-time credit to the sentences from the 2014 cases. *Gaines*, 2022 WL 655912, at *1. The district court agreed and on May 24, 2019, it ordered the KDOC to rescind the credit applied to the post-release supervision in the pre-2014 case and instead apply the entire 228 days to the sentences imposed in the 2014 cases. (Doc. 2-1, p. 2-3.) Because the order to rescind left the pre-2014 sentences unsatisfied, the state court further ordered "that the discharge from post release supervision was in error and the discharge is set aside." *Id.* at 3. The court explicitly declined to "enter any other order or express an opinion regarding what actions the [KDOC] may choose to take regarding this unrevoked remaining 173 day period of post release supervision." *Id.* at 3.

---

[2] The Court notes that the precise number of days of jail-time credit awarded and allocated are unclear from the documents now before the Court. However, for current purposes, resolution of the precise number of days is unnecessary.

After a special hearing in July 2019, the KPRB rescinded the 2015 discharge certificate and revoked the postrelease supervision in the pre-2014 cases. (Doc. 2-1, p. 4-6.) Thus, Petitioner was ordered to serve the time remaining on the pre-2014 sentences. Petitioner's request for reconsideration was denied in September 2019. *Id.* at 9.

Believing that his sentence was illegal, Petitioner then filed under the case number for his K.S.A. 60-1501 case a motion to correct illegal sentence. *Id.* at 12. *See also Gaines*, 2022 WL 655912, at *1. Therein, he argued that the 2019 ruling set aside the previous sentences and that the KPRB acted illegally when it revoked postrelease supervision over four years after discharging that sentence. (Doc. 2-1, p. 12.) Petitioner also asserted that the reallocation of the jail-time credit cause his 2014 sentence to be recalculated and improperly extended. *Id.* The state district court dismissed the motion for lack of jurisdiction, and the Kansas Court of Appeals (KCOA) affirmed the dismissal on March 2, 2022, because a motion to correct illegal sentence could not be filed in a 60-1501 proceeding. Petitioner's petition for review by the Kansas Supreme Court is currently pending.

**The Petition in this Court**

On June 7, 2022, Petitioner deposited into the prison mail system his current pro se petition for writ of habeas corpus. (Doc. 1, p. 3.) It was received by this Court on June 30, 2022. (Doc. 2.) Petitioner utilized the court-approved form for a petition for writ of habeas corpus under 28 U.S.C. § 2254 but has now filed a petition in this matter seeking relief under 28 U.S.C. § 2241. (Doc. 7.)

The Court has conducted an initial screening of the operative petition (Doc. 7) and finds that the information therein leaves unclear whether this matter was timely filed. Because timeliness is an affirmative defense that Respondent may decide to waive, the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court will direct Respondent to file a PAR limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). If Respondent does not intend to raise the affirmative defense of timeliness, Respondent shall notify the Court of that decision in the PAR.

Upon receipt of the PAR, the Court will continue to review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Respondent is granted to and including August 26, 2022, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED:  This 26th day of July, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge

4