IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**ERNEST GAINES,**

                              **Petitioner,**

        **v.**                                      **CASE NO. 22-3134-JWL-JPO**

**JEFF ZMUDA,**

                              **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241[1] filed by state prisoner Ernest Gaines. The Court conducted an initial review of the petition and directed Respondent to file a limited Pre-Answer Response (PAR) addressing the timeliness of this matter. (Doc. 8.) Respondent filed his PAR on October 28, 2022. (Doc. 14.) Having reviewed the PAR and the relevant state court records, the Court will direct Petitioner to show cause why this matter should not be dismissed for the reasons set forth below.

**Background**

In 2014, Petitioner was charged in Sedgwick County District Court in four criminal cases, hereinafter referred to as the 2014 cases. At the time of the events underlying the 2014 cases, he was "in the midst of serving postrelease supervision for two felony convictions also from Sedgwick County." *Gaines v. Norwood*, 2022 WL 655912, *1 (Kan. Ct. App. 2022), *pet. for review filed* April 5, 2022. Ultimately, Petitioner pled guilty in the 2014 cases and was sentenced in 2015. *Gaines*, 2022 WL 655912, at *1. The district court ordered that Petitioner receive credit for the 228 days he was in jail while the 2014 cases were pending. *Id.*

---

[1] The petition was initially submitted as one seeking habeas relief pursuant to 28 U.S.C. § 2254. (Docs. 1 and 2.) After the Court issued a Memorandum and Order (Doc. 6), however, Petitioner refiled his petition on the court-approved form for a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 7.)

According to the assertions in the operative petition, the Kansas Department of Corrections (KDOC) first allocated all of the jail-time credit toward the 2014 cases, perhaps because on March 26, 2015, the Kansas Prisoner Review Board (KPRB) had issued Petitioner a certificate of discharge for the pre-2014 sentences. (See Doc. 7-3, p. 5.) However, the KDOC later recalculated the allocation to credit 173[2] days of the jail-time credit toward the pre-2014 cases to satisfy a remaining period of post-release supervision. *Id.* The KDOC allocated the remaining 55 days of jail-time credit toward the sentences imposed in the 2014 cases.

In 2018, Petitioner filed a habeas corpus petition in the state courts pursuant to K.S.A. 60-1501, arguing that the KDOC should have applied all of the jail-time credit to the sentences from the 2014 cases. *Gaines*, 2022 WL 655912, at *1. The district court held a hearing on the matter that concluded in April 2019, and on May 24, 2019, it issued a written order directing the KDOC to rescind the credit applied to the post-release supervision in the pre-2014 case and apply the entire 228 days to the sentences imposed in the 2014 cases. (Doc. 2-1, p. 2-3.) Because this left the pre-2014 sentences unsatisfied, the state court further ordered "that the discharge from post release supervision was in error and the discharge is set aside." *Id.* at 3. The court explicitly declined to "enter any other order or express an opinion regarding what actions the [KDOC] may choose to take regarding this unrevoked remaining 173 day period of post release supervision." *Id.* at 3.

After a special hearing in July 2019, the KPRB rescinded the 2015 discharge certificate and revoked the postrelease supervision in the pre-2014 cases. (Doc. 2-1, p. 4-6.) Thus, Petitioner was ordered to serve the time remaining on the pre-2014 sentences. Petitioner's request for reconsideration was denied in September 2019. *Id.* at 9.

Believing that his sentence was illegal, Petitioner then filed under the case number for his K.S.A. 60-1501 case a motion to correct illegal sentence. *Id.* at 12. *See also Gaines*, 2022 WL 655912, at *1. Therein, he argued that the 2019 ruling set aside the previous sentences and that the KPRB acted illegally when it revoked postrelease supervision over four years after discharging that

---

[2] The Court notes that the precise number of days of jail-time credit awarded and allocated are unclear from the documents now before the Court. However, for current purposes, resolution of the precise number of days is unnecessary.

sentence. (Doc. 2-1, p. 12.) Petitioner also asserted that the reallocation of the jail-time credit caused his 2014 sentence to be recalculated and improperly extended. *Id.* The state district court dismissed the motion for lack of jurisdiction, and the Kansas Court of Appeals (KCOA) affirmed the dismissal on March 2, 2022, because a motion to correct illegal sentence could not be filed in a 60-1501 proceeding. Petitioner's petition for review of the dismissal by the Kansas Supreme Court was denied on August 12, 2022.

**The Petition in this Court**

On June 7, 2022, Petitioner deposited into the prison mail system his current pro se petition for writ of habeas corpus. (Doc. 1, p. 3.) It was received by this Court on June 30, 2022. (Doc. 2.) Petitioner initially used the court-approved form for a petition for writ of habeas corpus under 28 U.S.C. § 2254 but has now filed a petition in this matter seeking relief under § 2241. (Doc. 7.)

The Court conducted an initial screening of the operative petition and found that the information therein left unclear whether this matter was timely filed. Because timeliness is an affirmative defense that Respondent may decide to waive, the Court concluded that a limited PAR was appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). Accordingly, the Court directed Respondent to file a PAR limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). (Doc. 8.) Respondent filed the PAR on October 28, 2022. (Doc. 14.) The same day, Respondent also filed a "Suggestion of Change of Address," informing the Court that it appears that Petitioner's address has changed. (Doc. 15.) Petitioner has now informed the Court of his current address (Doc. 19), so the Court has resumed the screening process.

**Initial Screening Standards**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to review a habeas petition upon filing and to dismiss it "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. Rule 1(b) of the Rules authorizes district courts to apply the Rules to habeas petitions not brought under § 2254, such as those brought under § 2241. Because Petitioner

3

is proceeding pro se, the Court liberally construes the pleading, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). The United States Supreme Court has held that direct review concludes—making a judgment "final"—when an individual has exhausted his or her opportunity for direct appeal to the state courts and his or her opportunity to request review by the United States Supreme Court. *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009). Thus, in order to determine when the AEDPA statute of limitations began

running, the Court must first determine when the state court decision at issue became final.

In the PAR, Respondent calculates timeliness based on an order issued on April 17, 2019. (Doc. 14, p. 2.) As noted above, it appears that the state district court's May 24, 2019 written order memorialized an order pronounced from the bench at a hearing on April 17, 2019. (Doc. 16-2, p. 97-98.) Thus, Respondent concludes, the 30-day period in which Petitioner could have appealed the district court's order to the Kansas Court of Appeals expired on May 17, 2019, at which time the federal habeas statute of limitations began. *Id.* at 2-3.

But the order Respondent points to was entered in a civil action brought under K.S.A. 60-1501. In Kansas, the written order of the district court--as opposed to an oral ruling from the bench--constitutes the final judgment in a civil matter and begins the time for filing an appeal. *See* K.S.A. 60-258 ("No judgment is effective unless and until a journal entry or judgment form is signed by the judge and filed with the clerk."); K.S.A. 60-2103 ("[T]he time within which an appeal may be taken shall be 30 days from the entry of the judgment, as provided by K.S.A. 60-258 . . . ."). Accordingly, if the order from the district court is the action at issue in this § 2241 petition, the time to appeal in state court did not begin running until May 24, 2019 and it expired on approximately June 24, 2019, after which the federal habeas statute of limitations began.

In addition, because Petitioner is proceeding pro se, the Court liberally construes the petition, which may be read as asserting that the action Petitioner challenges in this matter is the July 19, 2019 order of the KPRB. (See Doc. 7, p. 2.) If that is so, Petitioner's time to appeal that order to the state district court was 30 days from the denial of his motion for reconsideration. *See* K.S.A. 77-613(c) ("[I]f reconsideration has been requested or is a prerequisite for seeking judicial review, a petition for judicial review of a final order shall be filed: (1) Within 30 days after service of the order rendered upon reconsideration . . . [or] (2) within 30 days after service of an order denying the request for reconsideration."). Petitioner asserts that his motion for reconsideration was denied on September 17, 2019. (Doc. 7-3, p. 5, 14.) Under those circumstances, Petitioner's time to appeal to the state courts expired on approximately October 17, 2019. In any event, whether the one-year federal habeas limitation period began to run in June 2019 or October 2019, this matter appears

5

untimely filed because Petitioner did not file his current federal habeas petition until June 2022.

The AEDPA statute contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). But according to the information now before the Court, Petitioner did not have a properly filed application for state post-conviction or collateral review pending at any relevant time.[3]

The one-year federal habeas limitation period also is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted).

Finally, there is an exception to the one-year federal habeas limitation period that applies in cases of actual innocence. To obtain the actual innocence exception to the federal habeas limitation period, Petitioner must identify "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S.

---

[3] Petitioner's "Chronological Order of Events" reflects that no application for relief from the reallocation of his jail time or from the order to rescind the discharge of the pre-2014 sentence was filed in state court until January 20, 2021 at the earliest, when he filed a petition for mandamus in the Kansas Supreme Court. (Doc. 7-3, p. 5.) Because the one-year federal habeas statute of limitations expired in either June 2020 or October 2020, an action filed in state court in 2021 did not statutorily toll the federal habeas statute of limitations. Similarly, the motion to correct illegal sentence was not filed until May 2021 and would not have tolled the federal habeas statute of limitations even if it had been filed earlier because it was filed in the 60-1501 proceeding, which the KCOA held was improper.

at 327). If Petitioner wishes to assert the actual innocence exception, he must identify for the Court the "new reliable evidence" not presented at trial that makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt."

**Conclusion**

As explained above, the petition currently before the Court does not appear to have been timely filed and it is subject to dismissal unless Petitioner can demonstrate (1) grounds for statutory tolling; (2) grounds for equitable tolling; or (3) that the actual innocence exception to the time limitation applies. Therefore, the Court will direct Petitioner to show cause why his petition should not be dismissed as time-barred. If Petitioner successfully does so, the Court will continue with its review of the petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further prior notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted to and including December 22, 2022, in which to show cause, in writing, why this matter should not be dismissed as time-barred. The failure to timely submit a response to this order may result in this matter being dismissed without further prior notice to Petitioner.

**IT IS SO ORDERED.**

DATED:   This 17th day of November, 2022, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge
